UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 4837 |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTIONS *IN LIMINE*** 

Plaintiff Louis Bruce, through counsel, Jackowiak Law Offices, respectfully submits the following motions *in limine*.

**Motion *in Limine* 1: To Bar Evidence or Testimony Regarding Alleged Gang Affiliation or Tattoos**

The issue in this case is whether the Defendant-Officers falsely arrested Plaintiff in violation of the Fourth Amendment. If Plaintiff or any witnesses are in a street gang or have tattoos, introduction of such evidence would be irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404(b). It should be barred.

The Seventh Circuit has repeatedly recognized that gang membership evidence is highly prejudicial and likely to damage a party or witness in the eyes of a jury. See, e.g., United States v. White, 86 Fed.Appx. 994, 996 (7th Cir. 2004); United States v. Butler, 71 F.3d 243, 251-52 (7th Cir.1995). Because of this high likelihood of prejudice, courts routinely exclude evidence of gang affiliation unless it is clearly relevant to a disputed issue in the case—e.g. to prove a criminal defendant was involved in a conspiracy with members of his gang. White, 86 Fed. Appx. at 996.

Moreover, any witnesses' tattoos are completely irrelevant to anything at issue in this case and would only be introduced to inflame the jury and create unfair prejudice against Plaintiff and his witnesses.

**Motion *in Limine* 2: To Bar Evidence of Prior Arrests that Did Not Lead to Convictions**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence of Plaintiff's criminal history, including prior arrests that did not lead to convictions. Plaintiff has several misdemeanor arrests for criminal trespass. Defendants have listed Plaintiff's criminal history as an exhibit in the Final Pretial Order. They should not be permitted to introduce such evidence at trial.

Arrest that do not lead to conviction are generally inadmissible under well settled law. See, e.g., Anderson v. Sternes, 243 F.3d 1049, 1054 (7th Cir. 2001)("The law is clear that a defendant's prior arrest record is inadmissible, and while the reference to Anderson's past arrest was only indirect, it was still improper")

Plaintiff's prior arrests are not relevant to any issue the jury will decide, and would be unfairly prejudicial. They are therefore inadmissible under FRE 403. The only reason Defendants would even seek to introduce such evidence would be to insinuate bad character, which is prohibited under FRE 404(b). Accordingly, courts routinely exclude such evidence. See, e.g., Young v. County of Cook, 2009 WL 2231782 at *6 (N.D.Ill., July 27, 2009) (Kennelly, J.) (excluding evidence of past arrests in § 1983 case as "grossly unfairly prejudicial in a way that greatly outweighs its minuscule probative value.")

**Motion *in Limine* 3: To Bar Evidence of Plaintiff's Past Convictions**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence of Plaintiff's two past convictions.

Plaintiff has two convictions: In 2004, he was convicted of possession of controlled substance; and in 2005 he was convicted of possession of a controlled substance. For both of the convictions, Plaintiff was given probation which he completed satisfactory. These convictions should be excluded at trial because they lack probative value and would be unfairly prejudicial.

At trial, Plaintiff will allege that Defendant-Officers falsely arrested him. Plaintiff will claim that the Defendant-Officers grabbed the wrong guy when they grabbed him. The Defendant-Officers will directly deny Plaintiff's allegations, essentially calling Plaintiff a liar. Plaintiff's credibility may be the biggest issue at trial.

It will be Plaintiff's word against the word of three police officers. As if that task wasn't

daunting enough, the jury will also be asked to take the word of a person who was arrested. Plaintiff will be prejudiced by this evidence of bad character, i.e. that Plaintiff was arrested.

Plaintiff is swimming upstream against a strong current. It would be grossly unfair to further prejudice Plaintiff's case and allow the Defendants to introduce any of Plaintiff's felony convictions, especially since they have little or no probative value.

Admission of convictions is discretionary. Federal Rule of Evidence 609(a)(1) provides that felony convictions can be admitted for impeachment if the court determines that the probative value of admitting the evidence outweighs its prejudicial effect. In this case, the probative value of Plaintiff's prior convictions is minimal, and is substantially outweighed by potential for unfair prejudice.

Accordingly, courts have often barred admission of felony convictions. For example, in Earl v. Denny's Inc., 2002 WL 31819021 (N.D.Ill. Dec. 12, 2002), Judge Schenkier barred the defense from introducing the plaintiff's prior conviction for aggravated criminal sexual assault in a personal injury case. Judge Schenkier ruled that: "At best, the probative value of this evidence is weak, [and] the risk of unfair prejudice that would result from admission of this evidence is substantial." (Id. at 2-3.)

Similarly, in Townsend v. Benya, 287 F.Supp.2d 868 (N.D.Ill. 2003), the court barred the defendant City of Chicago from introducing evidence of a drug conviction to impeach a § 1983 Plaintiff's credibility, once again finding that the probative value was far outweighed by the danger of unfair prejudice. See also, Brandon v. Village of Maywood, 179 F.Supp.2d 847, 853-55 (N.D.Ill. 2001) (barring admission § 1983 plaintiff's arrests and felony drug convictions since they had little probative value and the potential for unfair prejudice is "great"); Christmas v. Sanders, 759 F.2d 1284, 1297 (7th Cir. 1985) (a conviction for rape [is] not "highly probative of credibility"); Jones v. Sheahan, 2003 WL 21654279 at *2 (finding that a murder conviction is not "highly probative" of credibility); United States v. Smith, 181 F.Supp.2d 904 (N.D. Ill. 2002).

The two convictions that Plaintiff has are drug possession convictions that are over 5 years old. This District and the Seventh Circuit have repeatedly recognized that drug use evidence is extremely prejudicial. See e.g., Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008) (finding it was proper for district court to exclude evidence of § 1983 plaintiff's drug use); United States v. Cameron, 814 F.2d 403, 405 (7th Cir.1987) United States v. Cameron, 814 F.2d

3

403, 405 (7th Cir. 1987) ("[T]here is considerable danger that evidence a witness has used drugs illegal drugs may so prejudice the jury that it will excessively discount the witness's testimony"); United States v. Gallardo, 497 F.3d 727, 732-33 (7th Cir. 2007) (affirming trial court's denial of defendant's proffered expert testimony about past use of cocaine, marijuana and ecstasy by government witnesses as general character attack); Buffone v. Rosebud Restaurants, Inc., 2006 WL 2425327 (N.D.Ill. Aug. 21, 2006) (granting motion *in limine* to bar drug use evidence, finding that: "Even if relevant, any arguable probative value of evidence about drug use is substantially outweighed by the danger of unfair prejudice."); United States v. Boyd, 833 F.Supp. 1277, 1359 (N.D.Ill. 1993) ("As a general rule, a witness's past drug use is not probative of veracity and thus is not a proper subject for cross examination") (citations omitted); Mankey v. Bennett, 38 F.3d 353, 360 (7th Cir. 1994) (finding that: "Any probative value of substance abuse evidence was substantially outweighed by the danger of unfair prejudice.")

The Seventh Circuit has recognized that courts have a duty to ensure that civil rights plaintiffs are not unfairly prejudiced by the use of their criminal pasts against them. "[C]ivil rights actions often pit unsympathetic ... members of the criminal class ... against the guardians of the community's safety, yet serve an essential deterrent function." Llugano v. Mingey, 763 F.2d 1560, 1570 (7th Cir.1985), cert. dism'd., 478 U.S. 1044, 107 S.Ct. 16, 92 L.Ed.2d 783 (1986).

This Court also should bar admission of Plaintiff's convictions. The deck is already stacked against Plaintiff. The potential for prejudice is extreme. Telling the jury that Plaintiff is a convicted felon may well be the *coup de grace* for Plaintiff's case. As the above cases illustrate, introducing evidence of a felony conviction has limited probative value, and can be extremely prejudicial. This Honorable Court should bar admission of Plaintiff's felony convictions.

**Motion *in Limine* 4: To Bar Defendants from Characterizing Place of Incident as a "High Crime Area"**

Plaintiff respectfully moves this Honorable Court *in limine* to bar Defendants from eliciting any evidence regarding past incidents of alleged gang activity or police calls in the neighborhood where Plaintiff was arrested. Such evidence has minimal probative value and would be unfairly prejudicial.

In their depositions, the Defendant-Officers testified that the neighborhood where the

events underlying this lawsuit took place is dangerous and known for gang activity and drug sales. It is expected that Defendants will attempt to elicit similar testimony at trial. They should be barred from doing so. The only purpose for such testimony would be to inflame and prejudice the jury.

**Motion *in Limine* 5: To Bar Defendants from Introducing Witnesses' Criminal Histories**

Plaintiff respectfully moves this Honorable Court *in limine* to bar evidence relating to the criminal history of Plaintiff's witnesses, including prior bad acts, arrests and convictions. Furthermore, the Defendants have not stated what, if any, prior convictions Plaintiff's witnesses have. Any such evidence should be barred because it was not disclosed in discovery. See Fed. R. Civ. Pro. 37(c). Plaintiff propounded an interrogatory in each Defendants asking them to "Identify and describe any convictions that you may seek to introduce as impeachment of a witness or for any other purpose at trial".

Defendants have not provided any such evidence and, therefore, should be barred from now using any arrests or convictions at trial. See, e.g., Moore v. City of Chicago, No. 02-5130, 2008 WL 4549137, at *2 (N.D. Ill. April 15, 2009) ("To the extent that defendant officer seek to use at trial the criminal conviction of any of plaintiff's witnesses, their failure to disclose those convictions in response to plaintiff's request results in a bar of the evidence.): Regalado v. City of Chicago, No. 96-3634, 1998 WL 919712, *8 (N.D. Ill. Dec. 30, 1998)(barring criminal histories of witnesses that were requested in discovery but not disclosed: "[t]hat however is not the way in which the system works-or is supposed to work. Counsel for a litigant are entitled to full disclosure in response to their legitimate discovery ... There must be a price paid for flouting the discovery rules in that fashion, and the most appropriate and commonly paid price is the exclusion of evidence in the area of noncompliance.")

Such evidence should be barred because it was never disclosed, as irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404(b).

**Motion *in Limine* 6: To Bar Defendants from Improper Bolstering**

Plaintiff respectfully moves this Honorable Court *in limine* to bar Defendants from improper bolstering of the Defendants.

Pursuant to Federal Rules of Evidence 401, 402, and 403, Defendants should not be allowed to bolster the Defendants' character with testimony of commendations, awards, etc. Such testimony is inadmissible hearsay and improper bolstering and should be excluded. The Defendants' commendations are not probative of Plaintiff's allegations or the defense thereto. As held in Charles v. Cotter, 867 F.Supp.648 (N.D. Ill. 1994), evidence of this nature would serve the improper function of providing evidence of Defendants' character for the purpose of proving action in conformity therewith on the night in questions. Id. At 659 n.6. Unlike proper FRE 404(b) evidence, such evidence does not go to motive, opportunity, intent, preparation, plan knowledge, identity, or absence of mistake or accident. Id.

Such evidence should therefore be barred as irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404(b).

**Motion *in Limine* 7: To Bar Reference to Plaintiff's Alleged Past Drug Use**

Plaintiff respectfully moves this Honorable Court *in limine* to bar Defendants from introducing evidence about prior drug use by Plaintiff.

Defendants' counsel may seek to introduce evidence that Plaintiff is a drug user. Such evidence is irrelevant under FRE 402, unfairly prejudicial under FRE 403, and improper character evidence under FRE 404(b). It should be barred.

The sole factual issue at trial in this case is whether Defendants falsely arrested and maliciously prosecuted Plaintiff. There is no evidence that Plaintiff had used or was under the influence of any drug at the time of his arrest.

For the foregoing reasons, Defendants' counsel and witnesses should be barred from introducing any evidence or making any reference to alleged drug use of Plaintiff. Such evidence is irrelevant under FRE 402, unfairly prejudicial under FRE 403, improper character evidence under FRE 404(a), and evidence of other crimes under FRE 404(b).

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the above motions in limine.

Respectfully submitted,

/s/ Lawrence V. Jackowiak
*Counsel for the Plaintiff*

Lawrence V. Jackowiak
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595