UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS BRUCE, | ) | |
| | ) | |
| Plaintiff, | ) | No. 09 C 4837 |
| | ) | |
| vs. | ) | Judge Dow |
| | ) | |
| CITY OF CHICAGO, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE***

Plaintiff Louis Bruce, through counsel, Jackowiak Law Offices, respectfully submits the following responses to Defendants' motions *in limine*.

**1. Plaintiff's Response to Defendants' Motion *in Limine* 1:To Bar Evidence of CPD General Orders Rules and Regulations**

Defendants are seeking an order that unconditionally bars Plaintiff from introducing any evidence of CPD regulations at trial at any time for any reason. The argument is simply not supportable.

Plaintiff of course agrees that violation of an internal rule or regulation does not *ipso facto* mean that there has been a constitutional violation. However, such a violation could be relevant to any number of factual disputes or legal issues.

Significantly, Seventh Circuit pattern instruction 7.04 is a limiting instruction that recognizes that rules and regulations evidence is admissible in a § 1983 case, and explains that such evidence can only be used for limited purposes:

**Limiting instruction concerning evidence of
statutes, administrative rules, regulations, and policies**

You have heard evidence about whether Defendant's conduct [complied with/violated] [a state statute/administrative rule/locally-imposed procedure or regulation]. You may consider this evidence in your deliberations. But remember that the issue is whether Defendant [*describe constitutional violation claimed, e.g., "falsely arrested Plaintiff," "used excessive force on Plaintiff"*], not whether a [statute/rule/procedure/regulation] might have been [complied with / violated].

1

Id. Thus, it is undeniable that rules and regulations can be introduced at trial. On this basis, courts have denied motions *in limine* seeking a blanket prohibition of evidence of regulations. See, e.g., Threlkeld v. White Castle Systems, Inc., 127 F.Supp.2d 986, 938-39 (N.D.Ill. 2002) (Bucklo, J.) ("although not conclusive, evidence that the officers violated departmental rules and regulations may be relevant to the reasonableness of their actions. A limiting instruction would cure any potential confusion"); Townsend v. Benya, 287 F.Supp.2d 868, 876 (N.D.Ill. 2003) (Denlow, J.) ("knowing violations of CPD regulations by Defendants are relevant to plaintiff's claims"); accord Charles v. Cotter, 867 F.Supp.648, 664 (N.D.Ill. 1994) (Castillo, J.); Galvan v. Norberg, 2006 WL 1343680 at *2 (N.D.Ill. May 10, 2006) (Shadur, J.).

Plaintiff agrees that a violation of a CPD rule is not conclusive evidence that there has been a constitutional violation. It is well recognized, however, that such violations may be admissible for other purposes. Evidence introduced at trial, or even Defendants' trial strategy, may warrant such evidence. Defendants' request for a complete bar to such evidence at this time should be denied without prejudice.

2. **Plaintiff's Response to Defendants' Motion *in Limine* 2:To Bar Any Mention of Indemnity and to Strike the City from the Case Caption**

In their second motion *in limine*, Defendants seek to bar evidence or argument about indemnification. The motion should be denied without prejudice.

Plaintiff agrees that evidence or argument about indemnification is generally improper. This motion, however, cannot be conclusively ruled upon at this time because at trial Defendants may open the door on the issue, at which time evidence about indemnification would be admissible.

For example, evidence of indemnification would be admissible if the Defendant-Officers or their attorneys introduce evidence or suggest that the they would be personally responsible for paying damages, or imply in any way the potential for financial hardship or impoverishment. In such a scenario, a jury should be informed that the Defendant-Officers would be indemnified by the City for any award of compensatory damages, and that they would only be personally liable for punitive damages. See, Lawson v. Trowbridge, 153 F.3d 368, 378-80 (7th Cir. 1998); Galvan v. Norberg, 2006 WL 1343680 (N.D.Ill. May 10, 2006). In such a scenario, a jury may

erroneously think, for example, that an officer who would be impoverished by an award for compensatory damages should have little or no punitive damages awarded against him to avoid financial hardship. See also, Kemezy v. Peters, 79 F.3d 33, 37 (7th Cir. 1996) (holding that it is improper to allow a defendant to "plead poverty if he will be indemnified").

The motion should be denied without prejudice to the extent it seeks to bar evidence about indemnification.

With regard to Defendants' argument that the City of Chicago should be stricken from the case caption, the motion should be denied. In this case, Plaintiff has asserted a state law claim for malicious prosecution, and a corresponding claim for *respondeat superior* against the City of Chicago. Therefore, the City is a party to the case, and should remain in the case caption. Defendants have offered no authority for their position.

3.  **Plaintiff's Response to Defendants' Motion *in Limine* 3: To Bar Any Mention that Defense Lawyers Represent the City of Chicago**

This motion seeks an order barring Plaintiff from referring to Defendants' attorneys as "City lawyers," "corporation counsel," or "the City." Plaintiff does not intend to refer to opposing counsel as "corporation counsel." However, it is proper to inform the jury whom the lawyers represent. The City of Chicago is a defendant in this case, and it would be strange to keep this information secret. The motion should be denied.

4.  **Plaintiff's Response to Defendants' Motion *in Limine* 4: To Bar Any Reference to a 'Code of Silence' or Argument that Police Officers Protect Other Officers**

Defendants seek to bar evidence or argument about a "code of silence." The motion should be denied.

The code of silence is not part of any cause of action that Plaintiff has pleaded. At this time, Plaintiff does not have a witness or specific plan to introduce evidence about the code of silence. However, Plaintiff does intend to cross-examine and argue on the issue of bias, and the code of silence may be properly raised in this context.

At trial, Plaintiffs will argue that the Defendant police officers falsely arrested Plaintiff and then wrote false reports to justify their conduct. The three Defendant-Officers will all testify

3

that they did no such thing. Defense counsel will contend that the Defendant-Officers testimony is consistent and truthful.

To counter, Plaintiff will of course argue, *inter alia*, that the police officers are covering for each other. Plaintiff will assert that the officers are biased towards protecting themselves and each other, and that one would expect police officers to remain silent if they witnessed the violation of Plaintiff's constitutional rights by fellow officers.

Notably, Defendants do not deny that a code of silence exists in the CPD. Indeed, its existence cannot be seriously disputed. For example, in the prosecution of Chicago police officers in United States v. Ambrose, Judge Grady explicitly recognized that a code of silence does exist in the Chicago Police Department:

> Now, what happened in this case is that these defendants weighed the odds and concluded that the odds were very much in favor of doing what they did. They had two things going for them, two propositions. The first proposition is that these policemen never turn each other in, the code of silence. And, in fact, it is not simply a code of silence; it is a code of mutual cooperation. Not only will policemen not testify against each other, but they come to the assistance of a fellow officer who gets in trouble.... [I]t was even admitted here from the witness stand, that there is a code of silence, and that most policemen observe it.

United States v. Ambrose, 740 F.2d 505, 521 (7th Cir. 1984). See also, e.g., Sledd v. Lindsay, 102 F.3d 282, 289 (7th Cir. 1996) (court reverses summary judgment finding that an allegation that the Chicago Police Department "maintained a code of silence" states a *Monell* claim).

The existence of a code of silence is one reason for the bias of police officers' testimony. Nonetheless, Defendants apparently contend that Plaintiff should be barred from *even mentioning* the term "code of silence" at any point in trial. The argument is baseless and should be rejected. Moreover, simple use of the term, especially to argue bias, is not "bad acts evidence" (as Defendants argue in their motion).

The police-officer profession is a tight-knit fraternity and a self-described "brotherhood." Cop lexicon includes idioms about "having each other's back," "taking a bullet" for a partner, "running through a door together," "ruling the streets," and so on. An officer who breaks the code of silence and bears witness against a brother-officer's unconstitutional conduct risks being ostracized and other untoward consequences. The code of silence is therefore relevant to show bias and motive to falsify evidence, which is always at issue when a witness gives testimony.

4

Courts have routinely denied a motion *in limine* seeking to bar evidence about a code of silence. For example in <u>Saunders v. City of Chicago</u>, 320 F.Supp.2d 735, 740 (N.D.Ill 2004) the court denied the City's code of silence motion *in limine* holding that: "The plaintiff may explore the possibility that the defense witnesses in this case are biased because of loyalty to one another." Similarly, in <u>Galvan v. Norberg</u>, 2006 WL 1343680 at *3 (N.D.Ill. May 10, 2006), this Court also denied the same motion *in limine* seeking to bar code of silence evidence since "evidence or argument of this type can go to the issue of the bias or motivation of witnesses." Also, in <u>Coprez Coffie v. City of Chicago</u>, 05 C 6745, Chief Judge Holderman denied the City's standard code-of-silence motion *in limine*. (<u>See</u> Dkt. No. 332.)

Defendants attempt to support their code of silence argument by citation to an inapposite case, <u>Sanders v. City of Indianapolis</u>, 837 F.Supp. 959 (S.D.Ind. 1992). <u>Sanders</u> was an excessive force/failure to intervene action which included a conspiracy claim that the defendant police officers engaged in a code of silence and withheld the truth when they testified in court. Notably, the trial court allowed Plaintiff to present an expert about the code of silence amongst police officers. <u>Id.</u> at 963. The jury returned a verdict of $1.5 million dollars for Sanders which included a finding against the defendants on the code-of-silence conspiracy claim.

In post-trial motions, the defendants argued that there was no evidence to support the code-of-silence conspiracy claim. The court agreed that no such evidence was presented *in that case*. The court further ruled that the plaintiff's code-of-silence conspiracy claim failed since its basis was false testimony for which there is immunity, and there was no evidence of an agreement to a code of silence. In relevant part, the <u>Sanders</u> court held:

> Sanders' "code of silence" claim was simply that the police officers conspired to commit perjury, and therein lies its flaw, because a witness' false or misleading sworn testimony cannot form the basis for § 1983 liability. Repeating for purposes of insuring complete clarity, the only evidence presented by the plaintiff of a "code of silence" conspiracy was that the defendants withheld truthful testimony on the witness stand, and that withholding is not, as a matter of law, actionable as a § 1983 denial of access claim. This claim must therefore be vacated.

<u>Id.</u> at 962-63.

In the present case, Plaintiff does not have a code-of-silence conspiracy claim alleging that the Defendant-Officers conspired to perjure themselves when they testified. If Plaintiff uses

code-of-silence argument or evidence at all, it would be to show bias and motive to cover up. The Sanders decision is therefore inapplicable. Defendants' reliance on it should be rejected and their motion should be denied.

**5.     Plaintiff's Response to Defendants' Motion *in Limine* 5:To Bar Any Reference to Other Events Concerning Allegations of Police Misconduct**

This motion seeks to bar Plaintiffs from referring to other instances of police misconduct which have been publicized. The motion should be denied without prejudice. This one is an old favorite in the City's arsenal. As far back as 1994, Judge Castillo denied this motion this way:

> Defendants move to bar any reference of any alleged instances of misconduct by other police officers which have been the subject of current events ... contending that such references are irrelevant and designed solely to inflame the passions of the jury. [T]he court agrees that the subject of the prospective jurors' exposure to cases of police misconduct (including the more publicized cases) may be wholly appropriate for voir dire.
>
> Moreover, the court cannot conclude at this time, that mere references to other acts of police misconduct ... are unduly prejudicial. Accordingly, defendants' motion is denied. ... While the court will entertain any objection to counsel's arguments at the appropriate time, it is unwilling to muzzle [Plaintiff's] counsel at this early phase of trial.

Charles v. Cotter, 867 F.Supp. 648, 664 (N.D.Ill. 1994).

Similarly, in Regalado v. City of Chicago, 1998 WL 919712 (N.D.Ill. Dec. 30, 1998), Judge Shadur denied the same motion as follows:

> Again defense counsel have sought to obtain a bar order in advance of trial on a subject that far better lends itself to consideration in the trial environment. It looks very much as though the motion is one lodged in the Corporation Counsel's Office computer, for this Court's colleague Honorable Ruben Castillo was called on to deal with an identical motion in Charles v. Cotter, 867 F.Supp. 648, 664 (N.D.Ill.1994). This Court shares Judge Castillo's "unwilling[ness] to muzzle [plaintiff's] counsel at this early phase" ( id.), and it denies the motion (just as Judge Castillo did).

Id. at *2.

Trials are not scripted, and there may be any number of reasons that other instances of police misconduct are referred to by either side or a witness. At this time, the instant motion *in limine* should be denied without prejudice.

**6.     Plaintiffs' Response to Defendants' Motion *in Limine* 6: To Bar Non-Party Witnesses from the Courtroom During Trial.**

This motion is unopposed.

**7.     Plaintiff's Response to Defendants' Motion *in Limine* 7: to Bar Any Reference to 'Sending a Message'**

In their seventh motion *in limine*, Defendants seek to bar Plaintiff from arguing that the City should be punished. In the body of the motion, however, Defendants further assert that: "Sending a message, or punishment, cannot form the basis for any damages other than punitive damages." Defendants' argument does not withstand scrutiny.

Plaintiff agrees that it would be improper to ask the jury to punish the City by awarding punitive damages. However, asking the jury to "send a message" is clearly a proper argument.

No matter what kind of case, any jury verdict could be interpreted as sending a message. In this case, if the Defendant-Officers are found not guilty, that could be construed as a message about Plaintiff's claims. If the Defendant-Officers are found liable, that could be interpreted as a message about police misconduct and illegal searches, or any number of things. The point of a trial is not to send messages, but messages are quite often sent and can properly be asked for.

Nonetheless, Defendants apparently seek to bar Plaintiff from *even using the term* "send a message." This motion *in limine* was also presented by the City in Saunders v. City of Chicago, 320 F.Supp.2d 735 (N.D.Ill 2004). The motion was denied:

> Defendants' motion to bar any argument that the jury should "send a message" to or punish the city and its officers with its verdict is DENIED. [D]efendants fail to show why a jury could not "send a message" to the city by requiring it to pay actual damages.

Id. at 738.

In addition, this exact motion was also recently denied by Chief Judge Holderman in Coprez Coffie v. City of Chicago, 05 C 6745 (See Dkt. No. 328.)

This Honorable Court should also deny Defendants' motion.

8.  **Plaintiff's Response to Defendants' Motion *in Limine* 8: to Bar Evidence of Past Complaints of Misconduct by Defendant-Officers, and to Bar Evidence from the CR File in this Case**

Plaintiff does not intend to introduce evidence of past misconduct by the Defendant-Officers, or make arguments regarding the Independent Police Review Authority's investigation of the incidents alleged in the complaint. However, evidence from the Independent Police Review Authority's Complaint Register ("CR") file regarding the incident at issue in this case could be properly presented at trial for numerous reasons. For instance, the underlying CR contains statements of witnesses and the Defendants, as well as many relevant police reports. Prior statements are of course relevant to the instant case and could be used at trial for impeachment, to refresh recollection, as party admissions, or another proper purpose. This motion should be denied.

9.  **Plaintiff's Response to Defendants' Motion *in Limine* 9: to Bar Any Argument Regarding Defendants' Failure to Call Witnesses or Present Evidence**

Defendants argue in this motion that Plaintiff should be barred from commenting on their failure to produce witnesses or put on evidence. However, it is proper and not at all uncommon for an opposing party to comment on the other party's failure to call a witness to the stand or produce evidence. Not surprisingly, Defendants cite no authority for this motion. It should be denied.

10. **Plaintiff's Response to Defendants' Motion *in Limine* 10: to Bar Plaintiff from Conditioning the Venire to Award a Specific Amount of Money**

Plaintiff agrees that a "golden rule" appeal would be inappropriate, but beyond that it is unclear what Defendants are trying to bar Plaintiff's counsel from saying during voir dire. This vague motion should be denied.

11. **Plaintiff's Response to Defendants' Motion *in Limine* 11: to Bar Improper Opening Statement**

Plaintiff's counsel is aware of the purpose of opening statements and does not intend to make improper arguments. It bears noting that Defendants' counsel apparently cut and pasted this motion from a different case. Defendants reference a "Defendant Tuman" who is not a Defendant

or witness in this case. Counsel also states that he has witnessed Plaintiff's counsel make improper opening statements in other cases which "necessitated dozens of objections." To counsel's knowledge, Mr. Schumann has never been present during a trial conducted by counsel in this case, nor has Plaintiff's counsel ever delivered an opening statement which necessitated "dozens of objections." Accordingly, this motion is inapplicable and should be denied.

**12.    Plaintiff's Response to Defendants' Motion *in Limine* 12: to Bar Argument Regarding the Insufficiency of the Investigation or Lack of Fingerprint Evidence**

This motion appears to be another cut-and-paste mistake which references "Defendant Tuman" and refers to requests to admit which were never issued. But Defendants' central argument—that Plaintiff should be barred from commenting on the evidence that supported Defendants' decision to arrest and charge him for possession of a controlled substance with intent to deliver—must be rejected. In this case, Plaintiff alleges unreasonable seizure, false arrest and malicious prosecution. Obviously, the evidence supporting the charges and the investigation conducted by Defendants are central to Plaintiff's claims. While Plaintiff agrees that it would be improper to argue that Defendants' failure to take fingerprints equates to a violation of Plaintiff's constitutional rights, this motion would bar Plaintiff from making any comment on the quality of the evidence or the Defendants' actions in deciding to arrest and charge Plaintiff. The motion is too broad and should be denied.

                                                    Respectfully submitted,

                                                    /s/ Adele D. Nicholas
                                                    *Counsel for the Plaintiff*

Adele D. Nicholas
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595