IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS BRUCE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-4837 |
| ) | |
| CITY OF CHICAGO, ILLINOIS, ) | Honorable Judge Robert Dow |
| CHICAGO POLICE OFFICERS ) | |
| VINCENT VOGT, STAR NO. 6802, ) | Magistrate Judge Susan Cox |
| JOSEPH FOLEY, STAR NO. 4705 and ) | |
| MARK WESSELHOFF, STAR NO. ) | |
| 19931, ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY TO PLAINTIFF'S
### RESPONSE TO DEFENDANTS' MOTIONS *IN LIMINE*

Defendants, Chicago Police Officers Vincent Vogt, Joseph Foley, Mark Wesselhof and the City of Chicago (collectively "Defendants"), through their attorneys, Grant Schumann, LLC, by Anthony Schumann, respectfully submit their Reply to Plaintiff's Response to Defendants' Motions *in Limine*, and state as follows:

1. **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 1: To Bar Evidence of CPD General Orders, Rules and Regulations.**

Plaintiff argues that Defendants' motion *in limine* to bar any evidence of the Chicago Police Department's General Orders, Rules and Regulations should be denied because such violations may be relevant for other purposes. Plaintiff's argument is without merit. It is well settled that in this Circuit that violations under local laws and regulations have no bearing on claims brought under 42 U.S.C. §1983 which involve violations under the constitution. *Thompson v. City of Chicago*, 472 F. 3d 444, 455 (7th Cir. 2006). In *Thompson*, the Seventh Circuit held that the district court did not abuse its discretion in excluding evidence pertaining to CPD General Orders regarding the use of

force where Plaintiff alleged that police officers violated the suspect's Fourth Amendment rights by using excessive force in apprehending him. *Id*. In that same case, the Seventh Circuit held that any limiting instruction explaining to the jury that the CPD General Order did not create a duty on the part of the officer, and that those issues could not be considered in conjunction with plaintiff's Section 1983 claim would lead to unnecessary and detrimental jury confusion. *Id*. Since introducing any evidence or providing a limiting instruction regarding CPD rules and regulations will likely confuse the jury, this court should enter an order granting Defendants' motion *in limine*.

2. **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 2: To Bar Any Mention of Indemnity.**

Plaintiff also argues that Defendants' motion *in limine* to bar any mention of indemnity should be denied without prejudice because Defendants may open the door with regard to this issue. Defendants do not plan to put into evidence any information concerning the Defendant Officer's finances, and therefore, any information regarding this issue is irrelevant and highly prejudicial. *See, Betts v. City of Chicago*, 2011 WL 1837805 *6 (N.D. Ill. 2011) (holding that Plaintiff was barred from presenting any evidence or testimony that the defendants may be indemnified by the City of Chicago for damages, and that the City was properly stricken as a party in the caption, verdict form and jury instructions). Accordingly, Defendants' motion *in limine* should be granted.

3. **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 3: To Bar Any Mention that Defense Lawyers Represent the City of Chicago.**

Plaintiffs next argue that Defendants' motion *in limine* to bar Plaintiff from mentioning that defense attorneys represent the City of Chicago should be denied because it is proper for Plaintiff to inform the jury whom defense counsel represents. The mere

2

referencing that defense counsel represents the City will serve no purpose other than to signal to the jury that deep pockets are available to pay any judgment, and therefore, is highly prejudicial. Accordingly, the court should grant Defendants' motion *in limine*.

    4.    **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 4: To Bar Any Reference to a "Code of Silence" or Argument that Police Officers Protect Other Officers.**

Plaintiff also argues that Defendants' motion *in limine* to bar any reference to a "code of silence" should be denied because exploring a witness's bias or motivation is relevant. Defendants admit that proof of bias is relevant with regard to a witness's testimony or motivation. However, use of generalized allegations concerning the terms "code of silence" or "blue wall" as it relates to law enforcement officers is highly prejudicial and akin to impermissible propensity evidence. *Caldwell v. City of Chicago*, 2010 WL 380696 * 3 (N.D. Ill. 2010) (barring plaintiff from presenting evidence showing police generally protect or cover up for each other and that there is a code of silence in the City of Chicago Police Department), see also *Betts*, 2011 WL 1837805 at *6. (excluding generalized evidence of a "code of silence" or "bluewall"), *Christmas v. City of Chicago*, 619 F.Supp.2d 811, 819 (N.D. Ill. 2010); and *Moore v. City of Chicago*, 2008 WL 4549137 at *6 (N.D. Ill. 2008). Accordingly, this court should enter an order barring Plaintiff from arguing that police officers protect other officers and any references or testimony regarding a "code of silence", "blue wall" with regard to the City of Chicago's Police Department.

    5.    **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 5: To Bar Any Reference to Other Events Concerning Allegations of Police Misconduct.**

In response to Defendants' fourth (4th) motion *in limine*, Plaintiff argues that the

3

court should enter an order denying Defendants' motion without prejudice because there are other instances of police misconduct that either party may reference at trial. Plaintiffs do not cite any reasons why unrelated alleged police misconduct would be relevant. *See, Caldwell v. City of Chicago*, 2010 WL 380696 *3 (N.D. Ill. 2010) (granting defendants' motion *in limine* to bar unrelated police misconduct where plaintiff failed to show why other police misconduct would be relevant in plaintiff's case and why it would not be overly prejudicial). Since comments and implied references concerning other allegations of police misconduct have no probative value to this case and are irrelevant, this court should grant Defendants' motion *in limine*.

6. **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 6: To Bar Nonparty Witnesses from the Courtroom During Trial.**

No reply is necessary since this motion was unopposed.

7. **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 7: To Bar Any Reference to "Sending a Message".**

In response to Defendants' seventh (7th) motion *in limine*, Plaintiff argues that the court should enter an order denying Defendants' motion to bar any reference to "sending a message" without prejudice because asking the jury to "send a message" is a proper argument. Defendants admit that a jury may send a message with its verdict. However, references to "sending a message" are tantamount to requesting that the jury award punitive or exemplary damages against the City. Since Plaintiff cannot recover punitive or exemplary damages from the City, these types of references are improper. *See, Caldwell*, 2010 WL 380696 at *2. (barring plaintiff from arguing that the jury should, punish, warn, discourage, or send a message to the City). Since Plaintiff fails to provide a context in which he intends to use the term, this court should enter an order granting

4

Defendants' motion *in limine*.

  **8.** **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 8: To Bar Evidence of Past Complaints of Misconduct by Defendant Officers, and to Bar Evidence from the CR File in this Case.**

  Plaintiff next argues that Defendants' motion *in limine* to bar evidence of Defendant Officer's past complaints of misconduct and evidence from CR files should be denied because evidence from the CR file could be used at trial for numerous other reasons. Plaintiff's argument is without merit. As discussed extensively in Defendants' motion *in Limine*, allegations of past misconduct and evidence contained in the CR are tantamount to propensity evidence, which is inadmissible (Defendants' Motion *in Limine* pgs. 10-15). Plaintiff presents no authority to support the use of such evidence. Accordingly, Defendants' motion *in limine* should be granted.

  **9.** **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 9: To Bar Any Argument Regarding Defendants' Failure to Call Witnesses or Present Evidence.**

  In response to Defendants' ninth (9th) motion *in limine*, Plaintiff argues that the court should enter an order denying Defendants' motion because it is not uncommon for an opposing party to comment on the other party's failure to call a witness to take the stand or produce evidence. It would be improper for Plaintiff to be able to insinuate without evidentiary support that Defendants purposefully attempted to hide evidence. *Caldwell*, 2010 WL 380696 at 3. Moreover it would also be improper for the jury to speculate about the absence of evidence. *Id.* Accordingly, this court should enter an order granting Defendants' motion *in limine*.

  **10.** **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 10: To Bar Plaintiff from Conditioning the Venire to Award a Specific Amount of Money.**

5

Plaintiff's concedes that a "golden rule" appeal would be inappropriate. Plaintiff, however, claims that he does not understand Defendants' motion. To be clear, Defendants seek to bar Plaintiff from inquiring of the venire questions which only probe the amount of damages that jurors may be willing to award instead of inquiring about a jurors' ability to be fair and impartial. Since Plaintiff concedes that a "golden rule" appeal would be inappropriate, this court should enter an order granting Defendants' motion.

11. **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 11. To Bar Improper Opening Statement.**

Since Plaintiff's counsel concedes that she does not intend to make improper arguments during opening statements, this court should enter an order granting Defendants' motion *in limine*.

12. **Reply to Plaintiff's Response to Defendants' Motion *in Limine* 12: To Bar Argument Regarding the Insufficiency of the Investigation or Lack of Fingerprint Evidence.**

Plaintiff next argues that Defendants' motion *in limine* to bar argument regarding the insufficiency of the investigation should be rejected because the evidence supporting the charge and investigation conducted by Defendants are central to Plaintiff's claims. As previously discussed, the police have no duty to perform the perfect investigation. Any arguments that the police should have learned more before arresting Plaintiff is unduly prejudicial. Accordingly, this court should enter an order granting Defendants' motion *in limine*.

Dated: July 11, 2011

                                                    Respectfully submitted,

By:   */s/: Anthony L. Schumann*
       ANTHONY L. SCHUMANN

Anthony L. Schumann
Maurice L. Gue
GRANT SCHUMANN, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112

7