IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LOUIS BRUCE, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:09-cv-4837 |
| ) | |
| CITY OF CHICAGO, ILLINOIS, ) | Honorable Judge Robert Dow |
| CHICAGO POLICE OFFICERS ) | |
| VINCENT VOGT, STAR NO. 6802, ) | Magistrate Judge Susan Cox |
| JOSEPH FOLEY, STAR NO. 4705 and ) | |
| MARK WESSELHOFF, STAR NO. ) | |
| 19931, ) | |
| Defendants. ) | |

## DEFENDANTS' MOTION TO RECONSIDER THE COURT'S JULY 29, 2011, RULING BARRING EVIDENCE OF PLAINTIFF'S PAST CONVICTIONS

Defendants, Chicago Police Officers Vincent Vogt, Joseph Foley, Mark Wesselhoff and the City of Chicago (collectively "Defendants"), through their attorneys, Grant Schumann, LLC, by Anthony Schumann, respectfully move this Honorable Court to reconsider its July 29, 2011, ruling with respect to Plaintiff's motion in limine to bar evidence of Plaintiff's past convictions, and state as follows:

1. On February 25, 2011, the parties filed their respective motions in limine in this matter.

2. On March 4, 2011, Defendants filed their response to Plaintiff's motions in limine. Plaintiff's motion in limine number three (3) requested that Defendants be barred from using Plaintiff's two (2) prior convictions for possession of a controlled substance to impeach Plaintiff. Defendants argued that they should be allowed to admit Plaintiff's prior convictions for impeachment purposes since Plaintiff's credibility is a key issue in this matter. Defendants also suggested that this court could eliminate any alleged unfair prejudice by sanitizing

Plaintiff's prior convictions by simply referencing Plaintiff's convictions as "felony convictions". (Doc. 37).

3. On July 29, 2011, this court entered an order granting Plaintiff's motion in limine barring evidence of Plaintiff's past convictions. (Doc. 53, at p. 9). This Court found that the unfair prejudice that will result from the admission of Plaintiff's prior drug convictions is substantial and "that there is a significant risk that the jury will improperly credit Defendant's account because Plaintiff previously engaged in drug-related offenses, not because of the evidence of his prior criminality reflects on his "truthfulness".

4. This Court in its order provided the legal standard for motions in limine as follows. The Federal Rules of Evidence do not explicitly authorize motions in limine. However, the District Court has inherent authority to manage the course of trials. Fed. R. Evid. 103(c) ; *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). District courts have broad discretion in ruling on motions in limine. *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). However, evidence should be excluded only when inadmissible on all possible grounds. *Hawthorne Partners v. AT&T Techs., Inc.*, 831 F.Supp. 1398, 1400 (N.D. Ill. 1993). As a result, in some instances courts should defer rulings until trial, particularly where context would be helpful in determining matters such as relevancy, foundation, and potential prejudice. See *Id*. A pre-trial ruling denying a motion in limine does not automatically mean that all evidence contested in the motion will be admitted at trial. *Id*. at 1041. And while a pre-trial ruling granting a motion in limine does bar the introduction of certain evidence, trial judges remain free to alter previously issued in limine rulings, within the bounds of sound judicial discretion. *Luce*, 469 U.S. at 41-42.

5. Defendants now seek to have this Court reconsider its ruling to permit Defendants

to use the prior convictions to rebut testimony at trial by Plaintiff that Defendant Officers are fabricating their testimony that Plaintiff was in possession of heroin and that they observed him throw a plastic bag containing the heroin to the ground which was recovered by the officers at the scene of Plaintiff's arrest.

6. The critical issue in this case is whether Plaintiff or Defendant Officers are fabricating testimony concerning the possession and recovery of the heroin.

7. Plaintiff will testify at trial that on August 13, 2008, he had an encounter with Defendant Officers. Plaintiff will testify that on August 13, 2008, that Defendant Officers Vogt and Foley unlawfully seized him at Adams Park, searched and handcuff him, and transported him to the 11th District Station where he was released. During the encounter, Plaintiff stated to the officers "God didn't like ugly."

8. Plaintiff will also testify at trial that on August 16, 2008, that Defendant Officers Vogt, Foley and Wesselhoff unlawfully seized him, falsely arrested him and maliciously prosecuted him for possession of a controlled substance, namely heroin.

9. Defendant Officers will testify that they observed Plaintiff conduct a drug transaction with two individuals while in the parking lot near a liquor store, Lucky's.

10. Undoubtedly, Plaintiff will testify and present evidence at trial that he did not have any drugs, did not sell any drugs to two individuals identified as Dino Godfrey and Vanessa Hayes who were standing next to Plaintiff in front of Luckys, and that he did not throw the plastic bag containing heroin to the ground prior to being apprehended by Defendant Officers.

11. At trial, Defendant Officers anticipate that Plaintiff will argue that Defendant Officer's motivation to fabricate that Plaintiff was in possession of heroin is in retaliation for the statement Plaintiff made to the officers on August 13, 2008.

12. Additionally, Defendant Officers anticipate that with respect to Plaintiff's malicious prosecution claim that Plaintiff will argue for a monetary award as a result of his loss of liberty (248 days imprisonment) from the time of his arrest, until his release, subsequent to a violation of probation hearing and a finding of not guilty of the violation of probation. Plaintiff's criminal charges were subsequently dismissed by the prosecution.

13. Evidence of the two (2) prior convictions, and the fact that Plaintiff was on probation at the time of his arrest as result of those convictions, and that Plaintiff's probation was violated because of this arrest, is relevant to rebut testimony by Plaintiff that Defendant Officers are not telling the truth concerning his possession and subsequent abandonment of the heroin.

14. Defendants should be permitted to introduce evidence and argue at trial that Plaintiff's motivation to fabricate that he was not in possession or abandoned the drugs, and to rebut Plaintiff's evidence and argument that Defendant Officers are fabricating their testimony regarding the drugs because of retaliation for Plaintiff's statements on August 13, 2008. The introduction of this evidence is relevant pursuant to F.R.E. 401 – 403 and its probative value is not substantially outweighed by the danger of unfair prejudice.

15. Furthermore, evidence that Plaintiff was on probation, that he was in custody awaiting a hearing on a Petition for Violation of Probation, and the fact that he was found not guilty of the violation of probation, will be introduced into evidence by Plaintiff in support of his claim for damages for loss of liberty. Should Plaintiff introduce this evidence, Defendants should be allowed to introduce the prior convictions which resulted in the sentence of probation because it is relevant pursuant to F.R.E. 401 – 403 and its probative value is not substantially outweighed by the danger of unfair prejudice, confusion of the issues or misleading the jury.

WHEREFORE, Defendants Chicago Police Officers Vincent Vogt, Joseph Foley and

Mark Wessolhoff and the City of Chicago request that this court reconsider its ruling with respect to Plaintiff's motion in limine to bar evidence of Plaintiff's past convictions, to permit Defendants to introduce evidence of the prior convictions to rebut testimony at trial by Plaintiff that Defendant Officers are fabricating their testimony against Plaintiff, to corroborate that Plaintiff is fabricating his testimony against the Defendant Officers, and in rebuttal to Plaintiff's damages claim of loss of liberty.

Dated: December 23, 2011

                                      Respectfully submitted,

By:   */s/: Anthony L. Schumann*
       ANTHONY L. SCHUMANN

Anthony L. Schumann
Grant Schumann, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112