# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

LOUIS BRUCE,                           )

                                          )

                  Plaintiff,       )     No. 09 C 4837

                                            )

       vs.                          )     Judge Dow

                                            )

CITY OF CHICAGO, et al.,        )

                                          )

                Defendants.    )

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO RECONSIDER

      This Court ruled on July 29, 2011, that evidence of Plaintiff's 2004 and 2005 convictions for possession of a controlled substance should not be admitted at trial because of the "significant risk" that the jury would "improperly credit Defendants' account because Plaintiff previously engaged in drug related offenses, not because the evidence of prior criminality reflects on his truthfulness." (Dkt. 53, p. 10.)  Defendants have filed a motion to reconsider this ruling.

      Motions for reconsideration are appropriate where there has been a "significant change in the law or facts since the submission of the issue to the Court" or where "the Court has patently misunderstood a party." Bank of Waunakee v. Rochester Cheese Sales, Inc., 906 F.2d 1185, 1191 (7th Cir. 1990). Neither happened here.

      Without reference to any case law, Defendants argue that they should be allowed to introduce evidence of Plaintiff's convictions to "rebut Plaintiff's testimony" that he was not in possession of drugs on August 16, 2008. (Dkt. 60, p. 4.)  In other words, Defendants wish to argue that since Plaintiff had been convicted of possessing drugs in the past, it's likely that he possessed drugs on this occasion—the precise thing prohibited by FRE 404(b). United States v. James, 464 F. 3d 699, 709 (7th Cir. 2006) ("evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question.") Such an argument would clearly be improper.

1

Defendants also argue that the prior convictions ought to be admitted to show that Plaintiff had a motivation to lie about possession of drugs on this occasion. Defendants are free to argue at trial that Plaintiff was motivated to lie because he didn't want to be convicted and go to prison. Anyone who is charged with a crime might be said to have that same motive to lie. However, Defendants fail to explain why it is necessary to introduce Plaintiff's previous convictions to make this argument.

Defendants finally contend that because Plaintiff was released from custody after being found not guilty of violating his probation, they should be permitted to introduce evidence of the crimes that led to Plaintiff being placed on probation. The argument is confusing and the motion does not explain the relevance of that evidence.

As explained in Plaintiff's previous brief on this issue, admission of convictions is discretionary. Under FRE 609(a)(1), felony convictions *can* be admitted for impeachment if the probative value of the evidence outweighs its prejudicial effect. This Court correctly determined that in the specific circumstances of this case, the probative value of Plaintiff's prior convictions is substantially outweighed by potential for unfair prejudice. The ruling should not be disturbed.

Drug convictions are not highly probative of credibility, and the jury would be highly likely to use the felony convictions for the improper purpose of deciding that Plaintiff possessed drugs on this occasion. Under similar circumstances, Courts have routinely barred evidence of convictions that fall within Rule 609's ten-year time frame. See, e.g., Brandon v. Village of Maywood, 179 F.Supp.2d 847, 853-55 (N.D.Ill. 2001) (barring admission § 1983 plaintiff's felony drug convictions since they had little probative value and the potential for unfair prejudice is "great"); Earl v. Denny's Inc., 2002 WL 31819021 at * 2-3 (N.D.Ill. Dec. 12, 2002) ("At best, the probative value of this evidence  is weak, [and] the risk of unfair prejudice that would result from admission of this evidence is substantial."); Townsend v. Benya, 287 F.Supp.2d 868 (N.D.Ill. 2003); Kunz v. DeFelice, 538 F.3d 667, 677 (7th Cir. 2008) (finding it was proper for district court to exclude evidence of § 1983 plaintiff's drug use).

Respectfully submitted,

/s/ Adele D. Nicholas
*Counsel for the Plaintiff*

2

Lawrence V. Jackowiak
Jackowiak Law Offices
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595