# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Robert M. Dow, Jr. | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 09 C 4837 | **DATE** | 1/3/2012 |
| **CASE TITLE** | Bruce vs. City of Chicago | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendants' motion to reconsider the Court's July 29, 2011 ruling barring evidence of Plaintiff's past convictions [60] is denied subject to the explanation and clarification stated below. The parties are reminded that by the close of business on 1/4/2012, they are directed to submit to chambers (1) an agreed statement of the case, (2) a list of witnesses and other names that may be mentioned at trial, and (3) a revised list of exhibits reflecting any exhibits that have been withdrawn or eliminated as a result of the Court's rulings on the motions in limine. The parties also are requested to advise whether they will be using the ELMO to project exhibits to the jurors and whether they have any interest in discussing settlement prior to trial.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

On July 29, 2011, the Court entered a comprehensive order [53] addressing the parties' motions in limine. In that order, the Court granted Plaintiff's motion to bar Defendants from using as impeachment any evidence of Plaintiff's 2004 and 2005 convictions for possession of a controlled substance. As the Court explained, because the convictions were not for crimes involving dishonesty, the admissibility of the crimes for impeachment turns on a balancing of their probative value against their prejudicial impact. See Federal Rule of Evidence 609(a)(1). After a thorough analysis of the pertinent case law and the specific circumstances of this case, the Court concluded that the potential unfair prejudice that would inure to Plaintiff if the prior convictions were admitted for impeachment substantially outweighed their probative value, especially given (1) the similarity of the prior convictions to the charged act and (2) the fact that the convictions did not involve dishonesty or false statement.

Defendants ask the Court to reconsider its earlier ruling and permit Defendants to use the prior convictions to rebut testimony at trial by Plaintiff that Defendants are fabricating their testimony in regard to Plaintiff's possession of heroin and discarding of the heroin at the scene of Plaintiff's arrest. Defendants anticipate that Plaintiff will argue that Defendants were motivated to fabricate Plaintiff's alleged possession of the heroin in retaliation for a comment made by Plaintiff to Defendants a few nights before the arrest that gave rise to this lawsuit. Defendants further expect that Plaintiff will introduce evidence that he was on probation at the time of the August 16 arrest, that he was in custody awaiting a hearing on a petition for violation of probation, and that he ultimately was found not guilty of the alleged violation of probation, but not until after he was in custody for 248 days.

The standard for motions for reconsideration is well settled: they are appropriate where there has been a "significant change in the law or facts since the submission of the issue to the Court" or "the Court has patently misunderstood a party." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). To be sure, that standard may be slightly relaxed in the context of pre-trial rulings on motions in limine (see *Luce*

**STATEMENT**

*v. United States*, 469 U.S. 38, 41-42 (1984)), but reconsideration of a motion in limine still is uncommon.

Here, there is no basis for reconsideration. Indeed, the pertinent calculus under Rule 609 remains exactly as it was at the time of the Court's prior ruling. As Plaintiff notes, "Defendants are free to argue at trial that Plaintiff was motivated to lie because he didn't want to be convicted and go to prison." In addition, and by way of clarification, if Plaintiff does introduce evidence that he "was on probation," as Defendants anticipate, it is likely that the jury will infer that Plaintiff previously was convicted of a crime – why else would he be on probation? – and it would not be improper for Defendants to elicit on cross-examination whether in fact Plaintiff was on probation because he previously committed a crime. Plaintiff would have opened the door that far. But any evidence of the specific crime, the nature of the crime, when it occurred, or the fact that Plaintiff has two prior convictions, would be improper and is barred by this ruling and the Court's prior ruling.