IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LOUIS BRUCE, | ) | |
|         Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:09-cv-4837 |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, | ) | Honorable Judge Robert Dow |
| CHICAGO POLICE OFFICERS | ) | |
| VINCENT VOGT, STAR NO. 6802, | ) | Magistrate Judge Susan Cox |
| JOSEPH FOLEY, STAR NO. 4705 and | ) | |
| MARK WESSELHOFF, STAR NO. | ) | |
| 19931, | ) | |
|         Defendants. | ) | |

**DEFENDANTS' MOTION FOR PARTIAL ENTRY OF JUDGMENT AGAINST
PLAINTIFF AS A MATTER OF LAW PURSUANT TO FRCP 50**

Defendants, Chicago Police Officers Vincent Vogt, Joseph Foley, Mark Wesselhoff and the City of Chicago (collectively "Defendants"), through their attorneys, Grant Schumann, LLC, by Anthony Schumann, hereby submit this motion for partial judgment as a matter of law pursuant to FRCP 50, and state as follows:

FRCP 50(a)(1) states:

> If a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue, the court may: (a) resolve the issue against the party; and (b) grant a motion for judgment as a matter of law against the party on a claim or defense that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue.

This motion can be made at any time prior to submission of the case to the jury, and must specify both the judgment sought and the law and facts that entitle the moving party to judgment. FRCP 50(a)(2). Defendants now bring this motion pursuant to FRCP 50(a)

1

for a partial judgment against Plaintiff on his malicious prosecution claim. Plaintiff has not presented a sufficient legal evidentiary basis for a jury to find in his favor on his malicious prosecution claim, and therefore this Court should enter partial judgment as a matter of law in favor of Defendants.

**ARGUMENT**

To establish malicious prosecution, Plaintiff must prove by a preponderance of the evidence that "(1) the commencement or continuance of an original criminal or civil judicial proceeding by the defendant; (2) the termination of the proceeding *in favor of the plaintiff*; (3) the *absence of probable cause* for such proceeding; (4) the presence of malice; and (5) damages resulting to the plaintiff." *Swick v. Liautaud*, 169 Ill. 2d 504, 512, 662 N.E.2d 1238, 1242 (Ill. 1996), *emphasis added*. If Plaintiff cannot prove any one of these elements, Plaintiff cannot pursue this claim. *Id.* With particular regard to the second element of a malicious prosecution claim, the action cannot move forward where the underlying criminal proceedings were terminated for any reason other than the innocence of the accused. *Id.* As for the third element, "it is axiomatic that the existence of probable cause is a complete defense to a malicious prosecution claim." *Logan v. Caterpillar*, 246 F.3d 912, 926 (7th Cir. 2001).

**I.      Plaintiff has not satisfied his burden that the *nolle prosequi* was entered in a manner consistent with Plaintiff's innocence.**

A *nolle prosequi* is a procedure which restores the case to the same state which existed before the Government initiated the prosecution, but it is not a final disposition of the case. *Washington v. Summerville*, 127 F.3d 552, 557 (7th Cir. 1997). The majority rule is that when a *nolle prosequi* is entered in a criminal proceeding, it is terminated in favor of the defendant unless the prosecution has been abandoned for reasons other than

2

the defendant's innocence. *Id.* The innocence of the defendant is not indicated where the *nolle prosequi* is entered because of "an agreement or compromise with the accused, misconduct on the part of the accused in order to prevent trial, or the impossibility or impracticality of having the accused tried." *Id.*

The burden of proof of a termination in a manner consistent with innocence is always a plaintiff's burden. *Swick*, 169 Ill. 2d at 513, 662 N.E.2d at 1243. The plaintiff can only satisfy this burden by establishing that the *nolle prosequi* was entered because he was innocent, not because of some other reason the State had to enter the *nolle prosequi*. *Id.* The plaintiff must show an inference that reasonable grounds to pursue the criminal prosecution were lacking due to the plaintiff's innocence. *Id.* Where there is no evidence submitted that shows that the *nolle prosequi* was entered because of the plaintiff's innocence, the malicious prosecution claim cannot stand. *Id.*

Plaintiff asserts that the *nolle prosequi* was entered because he was innocent, and Defendants deny that assertion. Plaintiff offers nothing more beyond this assertion to show that the *nolle prosequi* was entered based on Plaintiff's innocence. While it is true that there is no evidence as to why the *nolle prosequi* was entered from the Assistant State's Attorney, the burden is not on Defendants to show why the *nolle prosequi* was entered. "A bare nolle prosse without more is not indicative of innocence." *Washington*, 127 F.3d at 558. A plaintiff cannot satisfy this burden by simply proclaiming that the charge was dismissed based on his innocence. *Logan*, 246 F.3d at 926. The lack of a reason for the *nolle prosequi* does not give any insight into Plaintiff's assertion of innocence. As in *Swick*, the stipulation that the criminal proceedings were dismissed pursuant to a *nolle prosequi* order, and where there is no reason stated for its entry, does

3

not establish that the criminal proceedings were terminated in a manner consistent with Plaintiff's innocence. *Swick*, 169 Ill. 2d at 513, 662 N.E.2d at 1243. Furthermore, Plaintiff has not proven that the State lacked reasonable grounds to pursue the criminal charges.

Plaintiff has not presented a sufficient legal evidentiary basis for a reasonable jury to find in his favor on this issue. Therefore, this Court should grant Defendants' Motion for Partial Judgment as a Matter of Law because Plaintiff has failed to prove, by a preponderance of the evidence, the second element of a malicious prosecution claim.

## II. Plaintiff has not satisfied his burden that there was no probable cause to institute the criminal proceeding against him.

The existence of probable cause provides a complete defense to a malicious prosecution suit. *Johnson v. Saville*, 575 F.3d 656, 659 (7th Cir. 2009). Probable cause will be found if there are facts and circumstances that "would excite the belief, in a reasonable mind, acting on facts within the knowledge of the prosecutor, that the person charged was guilty of the crime for which he was prosecuted." *Id.*, *see also Logan*, 246 F.3d at 926. Probable cause "requires more than bare suspicion but need not be based on evidence sufficient to support a conviction, nor even a showing that the officer's belief is more likely true than false." *Swearingen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 863 (7th Cir. 2010).

In Illinois, indictment by a grand jury is prima facie evidence of probable cause. *Bontkowski v. U.S.*, 28 F.3d 36, 37 (7th Cir. 1994). Plaintiff was subjected to a probable cause hearing after his arrest. In Illinois, commencement of prosecutions of felonies shall be by information or indictment. See 725 ILCS 5/111-2, attached hereto as Exhibit A. No prosecution may be pursued by information unless a preliminary hearing has been

held or waived in accordance with 725 ILCS 5/109-3, and at that hearing probable cause to believe the defendant committed an offense is found. The prosecution must also comply with the provisions of 725 ILCS 5/109-3.1. 725 ILCS 5/111-2, 725 ILCS 5/109-3, 725 ILCS 5/109-3.1.

Plaintiff has not satisfied his burden to show that there was no probable cause for the prosecution. A judge found that there was probable cause to support prosecution for the criminal offense of possession of a controlled substance based on evidence presented at a preliminary hearing. See Certified Statement of Conviction/Disposition, attached hereto as Exhibit B. In Illinois, a felony prosecution can proceed either by indictment or by information, following the procedure outlined above. See Exhibit A, 725 ILCS 5/111-1 and 111-2. An indictment and an information are, for the purposes of probable cause, substantially the same. Therefore, a preliminary hearing finding that results in the filing of an information is prima facie evidence of probable cause. Plaintiff has not presented a sufficient legal evidentiary basis for a reasonable jury to find in his favor on this issue. Therefore, this Court should grant Defendants' Motion for Partial Judgment as a Matter of Law because Plaintiff has failed to prove, by a preponderance of the evidence, the third element of a malicious prosecution claim.

### III. This Court should grant Defendants' Motion for Partial Judgment as a Matter of Law because Plaintiff has failed to meet his burden of proof for a malicious prosecution claim on at least one issue.

To state a claim for malicious prosecution, Plaintiff must meet his burden of proof with respect to each element of a malicious prosecution claim. *Swick*, 169 Ill. 2d at 512, 662 N.E.2d at 1242. For the foregoing reasons, Defendant has shown that they are entitled to a favorable disposition on both the second and third elements. Plaintiff has not presented a sufficient legal evidentiary basis for a jury to find in his favor on the issue that the criminal proceeding was

5

terminated in a manner consistent with Plaintiff's innocence. Plaintiff has also not presented a sufficient legal evidentiary basis for a jury to find in his favor that there was no probable cause for the criminal proceeding. Because Plaintiff cannot meet his burden on at least one of the issues necessary for a malicious prosecution claim, this Court should enter partial judgment as a matter of law in favor of Defendants and against Plaintiff.

WHEREFORE, Defendants Chicago Police Officers Vincent Vogt, Joseph Foley, Mark Wesselhoff and the City of Chicago respectfully request that this Court enter partial judgment in favor of Defendants Vogt, Foley, Wesselhoff and the City of Chicago and against Plaintiff Louis Bruce on the malicious prosecution claim.

Dated: January 11, 2012

Respectfully submitted,

**/s/:**     ***Anthony L. Schumann***
             ANTHONY L. SCHUMANN

Anthony L. Schumann
GRANT SCHUMANN, LLC
230 West Monroe Street, Suite 240
Chicago, Illinois 60606
T: (312) 551-0111
F: (312) 551-0112